**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HISSEIN BOURMA IBRAHIM** | ) | |
| Jumeirah Pk, Villa G5V35, PO Box 9717 | ) | |
| Sharjah, United Arab Emirates | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 16-1719** |
| | ) | |
| **U.S. Department of Homeland Security**, | ) | |
| 245 Murray Lane, S.W. Building 410 | ) | |
| Washington, D.C. 20258, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JEH JOHNSON, Secretary**, | ) | |
| U.S. Department of Homeland Security, in his | ) | |
| official capacity as well as his successors and | ) | |
| assigns, | ) | |
| 245 Murray Lane, S.W. Building 410 | ) | |
| Washington, D.C. 20258-0075, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **U.S. Citizenship and Immigration Services**, | ) | |
| 111 Massachusetts Avenue, N.W. | ) | |
| Washington, D.C. 20529-2000, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **LEON RODRIGUEZ, Director**, | ) | |
| U.S. Citizenship and Immigration Services, | ) | |
| in his official capacity as well as his | ) | |
| successors and assigns, | ) | |
| 20 Massachusetts Avenue, N.W. | ) | |
| Washington, D.C. 20529-2000, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **NICHOLAS COLUCCI, Chief**, | ) | |
| Immigrant Investor Program, | ) | |
| in his official capacity as well as his | ) | |
| successors and assigns, | ) | |
| 131 M Street, N.E. MS 2235 | ) | |
| Washington, D.C. 20529-2090 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Mr. Hissein Ibrahim, through undersigned counsel, alleges as follows:

## I. INTRODUCTION

1.     This civil action seeks judicial review of a final agency decision that Plaintiff has failed to establish eligibility for classification under Section 203(b)(5)(A) of the Immigration and Nationality Act ("INA") by a preponderance of the evidence.

2.     For more than three years, Mr. Ibrahim has been seeking to invest $500,000 into a new commercial enterprise in the United States to benefit the U.S. economy and start a new life with his family.

3.     Section 203(b)(5) of the INA provides classification to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership):

> (i) in which such alien has invested (after the date of the enactment of the Immigration Act of 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph (C), and

> (ii) which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent resident or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

4.     In 2010 Mr. Ibrahim, a native of Chad, started a single-member limited liability company in Chad to carry on importing and exporting, construction and maintenance, and rural and urban planning activities. Mr. Ibrahim owns 100% of this private company, and it has become financially successful.

5.     On July 1, 2013, seeking a better life for his family, Mr. Ibrahim filed a Form I-526,

Immigrant Petition by Alien Entrepreneur, to establish eligibility under INA Section 203(b)(5) and invested $500,000 into IDHH, LP, a Virginia limited liability partnership.

6.     IDHH, LP was formed to participate in and fund the acquisition, construction, ownership, organization, and management of a 179-unit Hyatt House Hotel to be developed on a 4-acre parcel located at 5370 International Drive in Orlando, Florida approximately 1.8 miles from Universal Studios (hereinafter the "Hyatt Project").  The Hyatt Project would help to create 236 direct and indirect jobs in the Orlando-area economy.

7.      For the $500,000 qualifying investment into the Hyatt Project, Mr. Ibrahim took out a $540,000 loan from his wholly owned company.  On May 14, 2013 Mr. Ibrahim wired $539,911.62 to IDHH, LP's escrow account held by Washington First Bank.  The Form I-526 Petition evidenced this wire transfer, and the lawful source of Mr. Ibrahim's qualifying $500,000 investment.

8.     On June 19, 2015 Defendant Immigrant Investor Program Office properly found that Mr. Ibrahim's Form I-526 petition successfully demonstrated qualifying grounds for nearly every requirement, such as sufficient job creation, the lawful source of his funds, and the viability of the Hyatt Project.

9.     Defendants nonetheless denied Mr. Ibrahim's Form I-526 petition based on their interpretation of the definition of "Capital" – i.e. what it means and whether an all-cash wire transfer constitutes an investment of capital.  The Defendants contend that Mr. Ibrahim is required to demonstrate that the source of his all-cash $500,000 investment, i.e. the promissory note between his wholly-owned business and himself – requires evidence that he used personal assets to secure the loan.

10.     To assist Defendants in resolving this issue, and in response to a Notice of Intent to Deny, after the $500,000 had been received and was being held in the Hyatt Project's Escrow

3

Account, Mr. Ibrahim canceled the note between himself (to clearly recognize that the loan was income).

11.      Defendants rejected Plaintiff's solution to Defendants' (unreasonable) interpretation of the capitalization requirement claiming that he had "materially changed" his Form I-526 petition.  More, Defendants failed to address how, in particular, the financing of the Hyatt Project had materially changed when the $500,000 qualifying investment had remained undisturbed in the Project's Escrow Account from May 14, 2013 and continuing.

12.      Respectfully, these agency interpretations of the INA and the implementing regulations are nonsensical.  What matters for both INA Section 203(b)(5) and 8 C.F.R. 204.6 is simply whether the Petitioner himself makes a present commitment of (lawfully acquired) capital, such that the "alien has invested or . . . is actively in the process of investing, capital."  INA § 203(b)(5).

13.      With all due respect to Defendants, Plaintiff asserts that the agency denial is based on incorrect factual findings and unreasonable agency interpretations of INA Section 203(b)(5), 8 C.F.R. Sections 103.2(b)(1) and 204.6, and its four precedent decisions regarding EB-5 immigrant investor visa classification.

14.      Specifically, Plaintiff alleges that a contribution of cash meets the Capital requirement, even if the Plaintiff obtained the cash via a promissory note from his wholly-owned business. The money is his money, whether it is sourced from his personal bank account or his 100% owned business account.  As established herein, Plaintiff contends that Defendants misapplied the facts and the law as to his Form I-526 petition by:

   a.      erroneously concluding that Plaintiff had failed to establish that he was eligible for the benefit sought under INA Section 203(b)(5), 8 C.F.R. Section 204.6, and the four precedent decisions "at the time of filing the benefit request and continu[ing] . . . through

adjudication." 8 C.F.R. 103.2(b)(1);

b.        erroneously determining that applicable legal requirements require Plaintiff to somehow "secure" an all-cash capital contribution into a new commercial enterprise;

c.        failing to conclude properly that his $500,000 all-cash capital contribution to the Hyatt Project was, in fact, cash and not a promissory note or other form of indebtedness between Plaintiff and the new commercial enterprise;

d.        erroneously rendering a factual and legal determination that the intent behind the initial $540,000 conveyance from his wholly-owned business to himself for the purposes of the investment into the new commercial enterprise was relevant for a determination of whether the $500,000 all-cash capital contribution was fully at risk;

e.        notwithstanding its relevance for the eligibility sought, incorrectly evaluating the evidence and making a factual finding that misconstrued the intent behind the $540,000 all-cash conveyance from his wholly-owned business to himself;

f.        erroneously determining that the information provided by Plaintiff in response to the agency request for more information under 8 C.F.R. Section 103.2(b)(8) constituted a "material change" to the initial filing that justified ineligibility under INA Sections 203(b)(5) and 8 C.F.R. Section 204.6; and

g.        failing to define meaningfully what may, or may not, constitute a "material change" in excess of statutory and regulatory authority.

15.      Mr. Ibrahim has been injured by USCIS' actions, and is seeking declaratory and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, and related authorities.

## II. JURISDICTION AND VENUE

16.     This civil action arises under the Constitution and the laws of the United States.  The

Court has subject-matter jurisdiction over this civil action pursuant to 5 U.S.C. § 702, 28

U.S.C. §§ 1331 and 2201-2202.  Because Defendants' decision on a petition for an EB-5

visa is not discretionary, neither the immigration laws nor the APA withdraws

jurisdiction.

17.     Defendants, agencies of the United States and their officers acting within their official

capacities, are subject to personal jurisdiction within the District of Columbia for purposes of

the Constitution's due process clause and the District of Columbia's long-arm statute.

18.     Venue lies in this judicial district under 28 U.S.C. Section 1391 because Defendants

are agencies and officers of agencies of the United States who reside in this judicial

district.

## III. PARTIES

### Plaintiff

19.     Plaintiff, a citizen of Chad and resident of the United Arab Emirates, transferred

$539,911.62 to the Hyatt Project's escrow account on May 14, 2013.  He filed a Form I-526,

Immigrant Petition by Alien Entrepreneur on July 1, 2013 (No. WAC1390543077) and a Form

I-290B, Motion to Reconsider on July 10, 2015 (WAC1590461879).  The Immigrant Investor

Program Office (hereinafter the "IPO") denied his Form I-526 Petition on July 19, 2015 and

his Motion to Reopen on September 25, 2015.

### Defendants

20.     The U.S. Department of Homeland Security ("DHS") is the federal agency bearing

responsibility  for administration and enforcement of the nation's immigration laws.

21.     Defendant Jeh Johnson is sued in his official capacity as DHS Secretary in which

he is charged with the just administration and enforcement of the immigration laws. 8 U.S.C. § 1103(a).

22.     U.S. Citizenship and Immigration Services ("USCIS"), a bureau of the U.S. Department of Homeland Security, is responsible for awarding visa petitions in appropriate circumstances consistent with the INA. As used below, "USCIS" refers to both the U.S. Citizenship and Immigration Services, and predecessor agency U.S. Immigration and Naturalization Services.

23.     Defendant León Rodríguez is sued in his official capacity as Director of USCIS.

24.     Defendant Nicholas Colucci is sued in his official capacity as USCIS Chief of the Immigrant Investor Program Office.

## IV. FACTS

### Form I-526 Petition, Memorandum in Support, & Exhibits

25.     On July 1, 2013 Plaintiff filed his Form I-526, Immigrant Petition by Alien Entrepreneur with Defendant USCIS at P.O. Box 660168, Dallas, Texas 75266.  A Form G-28 Notice of Appearance from his immigration law firm, a Memorandum in Support with accompanying Exhibits, and a check with the requisite $1,500.00 filing fee accompanied the Form I-526 Petition.

26.     On July 3, 2013 Defendants DHS and USCIS issued a Form I-797C, Notice of Action, to Mr. Ibrahim acknowledging receipt of the Form I-526 Petition.  Defendants DHS and USCIS assigned Plaintiff's Receipt Number as "WAC1390543077."

27.     Mr. Ibrahim's evidence submitted with the Form I-526 Petition to Defendants DHS and USCIS detailed, *inter alia*, how Mr. Ibrahim acquired the $500,000 capital contribution for the Hyatt Project and how the new commercial enterprise has maintained control of the

$500,000 cash contribution upon transfer, to wit:

a.        Plaintiff's <u>Form I-526 Petition</u>, Part 3, "Information About Your Investment,"
reflects that Mr. Ibrahim directly contributed $500,000 on May 14, 2013 for an investment
into a hotel project in a targeted employment area in Orange County, Florida.

b.        Plaintiff's <u>Form I-526 Petition</u>, Part 4, "Additional Information About the
Enterprise," establishes that the "Composition of the Petitioner's Investment" was a total
amount of $500,000 in a U.S. bank account and that the "Total of all debt financing" for this
investment was "$0.00."

c.        Plaintiff's <u>Memorandum in Support</u> attached to the <u>Form I-526 Petition</u>, at
page 8, asserts that he "has already made the necessary $500,000 investment . . . in the form
of all cash. On May 14, 2013, the Petitioner wired $539,911.62 for the investment from his
personal account to the IDHH Escrow Account. . . [and] the full $500,000 will be invested in
the project."

d.        Mr. Ibrahim's <u>Memorandum in Support</u> attached to the <u>Form I-526 Petition</u>, at
pages 8-9, references how the capital was lawfully obtained through income derived from his
wholly-owned business in Chad: "The Petitioner used his accumulated income to fund his
investment. In 2010, the Petitioner founded Oum-Alkheri General Trading, an
importing/exporting business . . [t]he company is involved in the importing of a wide variety
of items and is [sic] largest client is the republic's government.  The company has experience
exporting everything from everyday sundries to a fleet of automobiles."

e.        Mr. Ibrahim's <u>Memorandum in Support</u> attached to the <u>Form I-526 Petition</u>, at
page 10, references <u>Exhibit 16</u>, a compendium of documents establishing the lawful source
of his investment, to include business tax returns and independent audits reflecting "a profit

of 2012 of the equivalent of more than $1,126,000 on sales of about $5,5000,000 with cash-on-hand going forward of $1,550,000."

  f. In April 24, 2013 on behalf of the company as "Maker," to which he was and remains the sole shareholder, and on behalf of himself as the "Holder," Mr. Ibrahim signed a Promissory Note to cover his full investment amount.

  g. The Promissory Note expressly provided that "[n]o Interest shall accrual on this loan" and that "if this Note cannot be paid in full, Holder will gift the principal sum to the Maker and at that time pay gift tax if required."  In the event of default (for failing to pay the Note in full no later than 90 days after the 5th anniversary), the "Holder will gift entire sum to Maker and accordingly report and pay gift taxes, if any."  The laws of the State of Maryland govern the interpretation of the Promissory Note.

Notice of Intent to Deny

28. Twenty months later, on March 2, 2015 Defendants DHS, USCIS, and Immigrant Investor Program Office issued a Notice of Intent to Deny to Mr. Ibrahim's Form I-526 Petition.

29. Defendants provided Mr. Ibrahim with the opportunity to submit additional information concerning the following areas:

  1. Employment Creation/Comprehensive Business Plan;
  2. Employment Creation/Reasonable Methodologies to Estimate Indirect Job-Creation;
  3. Required Amount of Capital Has Been Invested or is Actively in the Process of Being Invested and the Capital Has Been Placed At Risk;
  4. Capital was Obtained Through Lawful Means; and
  5. Translation Does Not Comply With the Requirements of 8 C.F.R. 103.2(b)(3).

30. Relative to the third area cited above, whether the "Required Amount of Capital Has

Been Invested or is Actively in the Process of Being Invested and the Capital Has Been Placed at Risk," Defendants made an interim finding that "[t]he record indicates that the petitioner obtained a loan in the amount of $540,000 U.S. dollars from Oum-Alkheir, a company in which the petitioner is the sole owner." Notice of Intent to Deny at pg. 8.

31.     Defendants made another interim finding that "[t]he promissory note also indicates that if the petitioner cannot pay the full amount of the loan, then Oum-Alkheir will gift the principal sum to the petitioner and pay gift tax if required." Notice of Intent to Deny at pg. 9

32.     Citing 8 C.F.R. § 204.6(e), the definition of *Capital*, Defendants asserted that "[t]he promissory note lacks any indication of the petitioner's assets used to secure the loan." Notice of Intent to Deny at pg. 9.

33.     Defendants thus reasoned that "the funds obtained from Oum-Alkheir do not qualify as capital because the loan is not secured by assets owned by the petitioner.  The funds are also not considered as an unconditional gift as the funds were initially obtained as a loan, and only in the event of a default by the petitioner would Oum-Alkheir declare it as a gift." Notice of Intent to Deny at pg. 9.

34.     8 C.F.R. Section 204.6(e) defines *Invest* as:

> Invest means to contribute capital. A contribution of capital in exchange for a note, bond, convertible debt, obligation, or any other debt arrangement between the alien entrepreneur and the new commercial enterprise does not constitute a contribution of capital for the purposes of this part.

35.      Defendants' Notice of Intent to Deny cited 8 C.F.R. Section 204.6(e), which defines *Capital* as:

> **Capital means cash**, equipment, inventory, other tangible property, cash equivalents, and indebtedness secured by assets owned by the alien entrepreneur, provided that the **alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness**. All capital shall be valued at fair market value in

United States dollars. Assets acquired, directly or indirectly, by unlawful means (such as criminal activities) shall not be considered capital for the purposes of section 203(b)(5) of the Act. (Emphasis added).

36.     Defendants' <u>Notice of Intent to Deny</u> cited 8 C.F.R. Section 204.6(j)(2), which states, in part, that "[t]he alien must show actual commitment of the required amount of capital" such as the following evidence:

> (i) **[For Cash]** Bank statement(s) showing amount(s) deposited in United States business account(s) for the enterprise;

> (ii) **[For Equipment]** Evidence of assets which have been purchased for use in the United States enterprise, including invoices, sales receipts, and purchase contracts containing sufficient information to identify such assets, their purchase costs, date of purchase, and purchasing entity;

> (iii) [**For Other Tangible Property**] Evidence of property transferred from abroad for use in the United States enterprise, including United States Customs Service commercial entry documents, bills of lading, and transit insurance policies containing ownership information and sufficient information to identify the property and to indicate the fair market value of such property;

> (iv) **[For Cash Equivalents]** Evidence of monies transferred or committed to be transferred to the new commercial enterprise in exchange for shares of stock (voting or nonvoting, common or preferred). Such stock may not include terms requiring the new commercial enterprise to redeem it at the holder's request; or

> (v) **[For Indebtedness Secured by Assets Owned by the Alien Entrepreneur]** Evidence of any loan or mortgage agreement, promissory note, security agreement, or other evidence of borrowing which is secured by assets of the petitioner, other than those of the new commercial enterprise, and for which the petitioner is personally and primarily liable.

37.     Under 8 C.F.R. Section 103.2, form instructions "are incorporated into the regulations requiring its submission."  Defendants' <u>Form I-526 Instructions</u>, *available at https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf*, asserts that "[y]ou may file this petition for yourself if you have established a new commercial enterprise: . . 2. In which you have invested or are actively in the process of investing the amount required for the area in which the enterprise is located."

38.     Defendants' Form I-526 Instructions, *available at*

https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf, also provides that for "Initial

Evidence Requirements" the following evidence must be filed with your petition:

> Evidence that you have invested or are actively in the process of investing the amount required for the area in which the business is located. Such evidence may include, but need not be limited to, **copies of bank statements**, evidence of assets that have been purchased for use in the enterprise, evidence of property transferred from abroad for use in the enterprise, **evidence of monies transferred** or committed to be transferred to the new commercial enterprise in exchange for shares of stock, any loan or mortgage, promissory note, security agreement, or other evidence of borrowing that is secured by assets of the petitioner.

39.     Defendant DHS and USCIS's policy memorandum governing EB-5 adjudications,

entitled Policy Memorandum, EB-5 Adjudications Policy, PM-602-0083, dated May 2013,

available at *https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2013/May/EB-*

*5%20Adjudications%20PM%20%28Approved%20as%20final%205-30-13%29.pdf*

(hereinafter EB-5 Policy Memo)*, clarifies that:

> [A]t this preliminary Form I-526 filing stage, the immigrant investor must demonstrate his or her commitment to invest the capital but need not establish that the required capital already has been invested; it is sufficient if the immigrant investor demonstrates that he or she is actively in the process of investing the required capital. However, evidence of a mere intent to invest or of prospective investment arrangements entailing no present commitment will not suffice.  EB-5 Policy Memo, pg. 21.

40.     Plaintiff provided, by wire transfer, a $540,000 U.S. cash deposit on May 14, 2013 to

the Hyatt Project's Escrow Account and documented this cash contribution with a bank

statement in his Initial Evidence Requirements showing the amount deposited in a United

States business account for the enterprise.

41.     Plaintiff did not seek eligibility under INA Section 203(b)(5)'s capital contribution

requirement by providing a $540,*000 promissory note to the new commercial enterprise*, the

Hyatt Project, where such **"**indebtedness [must] secured by assets owned by the alien

entrepreneur." *See* 8 C.F.R. § 204.6(e), *Capital* (promissory notes qualify as a capital

contribution between the petitioner and the new commercial enterprise when "the alien

entrepreneur is personally and primarily liable and that the assets of the new commercial

enterprise upon which the petition is based are not used to secure any of the indebtedness").

*See* 8 C.F.R. § 204.6(e), *Capital*; <u>EB-5 Policy Memo</u>, pg. 3-4 (promissory notes relate to the

"immigrant investor's promise to pay (a promissory note)" the business) (Parenthetical in

original).

42.     There is no reasonable interpretation of INA Section 203(b)(5) or 8 C.F.R. Section

204.6 whereby Plaintiff's $540,000 U.S. cash deposit on May 14, 2014 into the Hyatt

Project's Escrow Account could constitute anything *other than cash*, such as the other

enumerated areas in the regulatory definition of *Capital*, like:

- equipment,
- inventory,
- other tangible property,
- cash equivalents, and [or]
- indebtedness secured by assets owned by the alien entrepreneur, provided that the
  alien entrepreneur is personally and primarily liable and that the assets of the new
  commercial enterprise upon which the petition is based are not used to secure any
  of the indebtedness.

43.     Defendants improperly interpreted INA Section 203(b)(5) and 8 C.F.R. Section

204.6(e) as requiring lawful and qualifying cash contributions to curiously and somehow be

"secured by assets owned by the petitioner."

44.     Because "[i]nvest means to contribute capital" and "[c]apital means cash," the only

reasonable interpretation of Plaintiff's $500,000 U.S. currency deposit for the new

commercial enterprise is that he made a present commitment of qualifying capital under INA

Section 203(b)(5) and 8 C.F.R. Section 204.6 which was fully at-risk.

45.     Nonetheless, in the <u>Notice of Intent to Deny</u> Defendants "request[ed] additional

evidence" and invited petitioner to "submit any evidence deemed appropriate by the petitioner to overcome the deficiencies noted."  <u>Notice of Intent to Deny</u> at pg. 9.

Response to Notice of Intent to Deny

46.     On April 2, 2015 Mr. Ibrahim submitted a Memorandum in Response to the Notice of Intent to Deny with accompanying exhibits (hereinafter the "<u>NOID Response</u>").

47.     Mr. Ibrahim's <u>NOID Response</u> provided further information in response as to the five cited areas in Paragraph 29, *supra*.

48.     In the <u>NOID Response</u>, Mr. Ibrahim re-emphasized that the all-cash wire transfer constituted a present commitment of qualifying capital under INA Section 203(b)(5) and 8 C.F.R. Section 204.6 which was fully at-risk.  Mr. Ibrahim provided further evidence concerning the wire transactions, and also highlighted the irreversible nature of the Escrow Agreement, which was attached as an exhibit to the Form I-526 Petition.

49.     Mr. Ibrahim, in attempt to address Defendants' (unreasonable) concerns about the <u>Promissory Note</u>, decided to cancel the Note on March 15, 2016 by resolution. This cancellation thereby treated the $540,000 amount a "distribution of profits."  <u>NOID Response</u>, ex. 15.

Agency Denial of Form I-526 Petition

50.     On June 19, 2015 Defendants issued a decision denying Mr. Ibrahim's petition.  *See* Notice of Decision, dated June 19, 2015 (hereinafter the "<u>Decision</u>").

51.     The <u>Decision</u> cited and relied on the following legal authorities: INA Section 203(b)(5), 8 C.F.R. Section 204.6, and the four precedent decisions regarding the EB-5 immigrant visa classification, namely: *Matter of Soffici*, 22 I. & N. Dec. 158 (Assoc. Comm'r 1998); *Matter of Izummi*, 22 I. & N. Dec. 169 (Assoc. Comm'r 1998); *Matter of Hsiung*, 22 I.

& N. Dec. 201 (Assoc. Comm'r); and *Matter of Ho*, 22 I. & N. Dec. 206 (Assoc. Comm'r

1998).  <u>Decision</u>, pg. 3-4.

52.      The <u>Decision</u> excerpted a portion of *Matter of Izummi* as follows

A petitioner must establish eligibility at the time of the filing; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. *See Matter of Katigbak*, 14 I. & N. Dec. 45, 49 (Comm. 1971). Therefore, a petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to Service requirements. *Matter of Izummi*, 22 I. & N. Dec. at 175; *see also* 8 C.F.R. § 103.2(b)(1). <u>Decision</u>, pg. 4.

53.      Defendants found that Plaintiff submitted "sufficient evidence regarding employment

creation/comprehensive business plan and invested capital was obtained through lawful

means." <u>Decision</u>, pg. 4.

54.      Defendants' <u>Decision</u> did not address the arguments advanced by Mr. Ibrahim in the

<u>NOID Response</u> that the $540,000 all-cash wire transfer constituted a present commitment of

capital which was fully at risk.  Instead, Defendants summarily noted that the "promissory

note lacks any indication of Petitioner's assets used to secure the loan." <u>Decision</u>, at pg. 4.

55.      Defendants thereafter found that "the conversion of the funds from a promissory note

to a distribution of profits results in a material change to the original facts of the petition as

filed on July 1, 2013." <u>Decision</u>, at pgs. 4-5.

56.      Defendants concluded that "Petitioner's I-526 petition cannot be approved after

Petitioner becomes eligible under a new set of facts" as this constitutes a "material change."

<u>Decision</u>, pg. 5.

57.      There is no definition of "material change" in Title 8 of the United States Code or Title

8 of the Code of Federal Regulations.

58.      Defendants <u>EB-5 Policy Memo</u> addresses "Material Change" at Part V(D), but the

guidance relates generally to material changes to *business plans* of new commercial

enterprises:

> A deficient Form I-526 petition may not be cured by subsequent changes to the business plan or factual changes made to address any other deficiency that materially alters the factual basis on which the petition was filed.  The only way to perfect material changes under these circumstances is for the immigrant investor to file a new Form I-526 petition to correspond to the changed [business] plans.  *See* <u>EB-5 Policy Memo,</u> at pg. 24-25 (citing *Matter of Izzumi*, 22 I. & N. Dec. at 176).

59.     Defendant USCIS's training guidance to EB-5 adjudicating officers, obtained through

the Freedom of Information Act, suggests that the definition of "material change," left to the

sole discretion of the adjudicating officer, is "usually one which reflects a substantial

alteration in circumstances:"

> Note that the facts in place at the time of filing are important. In other words, the financial arrangements and other related factors which make a petition approvable need to be in effect when the petition is filed. It is common for the alien to be alerted to deficiencies in the petition through an RFE [sic] [Request for Evidence] and to attempt to correct them. If such changes are material, the petition may need to be denied. The judgment of whether the change is material is up to the adjudicating officer. However, a material change is usually one which reflects a substantial alteration in circumstances on which the Service is relying in making its decision. USCIS, EB-5 Training Materials (2008), *available at https://ebfive.files.wordpress.com/2011/04/uscis-eb-5-training-materials-i.pdf* (Last accessed August 24, 2016).

60.     Plaintiff did not introduce a new set of facts to demonstrate eligibility for I-526

approval at the time of filing, but instead, presented information to Defendants USCIS and

DHS, *at their request*, to address a (unreasonable) concern raised by Defendants.

61.     No "substantial alteration" in circumstances occurred because at all times, from May

14, 2013 through the date of adjudication, the Hyatt Project's Escrow Account has held a

$500,000 capital contribution directly provided by Plaintiff.

62.     On this "material change" policy, Defendants "determined, based on the initial

evidence submitted upon filing and after consideration of all additional evidence submitted in

response to the NOID, that Petitioner is ineligible for classification under INA §

203(b)(5)(A)."

Motion to Reconsider

63.     On July 10, 2015 Mr. Ibrahim filed a Form I-290B Motion to Reconsider noting that

USCIS' decision denying the Form I-526 Petition "was incorrect, arbitrary, and capricious."

(No. WAC1590446187).

64.     Mr. Ibrahim's Memorandum in Support identified eleven other Hyatt Project Form I-526 petitioners that USCIS had approved.[1]

65.     The Memorandum in Support continued to argue that the "investment of cash, derived

from a company in which he is the sole owner, is clearly a capital investment."  Reconsider

Memo at pg. 3.

66.     The Memorandum also highlighted that the so-called "material change" from a loan to

a profits distribution was not a "material change since the cash had been deposited with and

held by the new commercial enterprise at all times; this naming difference was made purely to

placate USCIS by offering a potentially appetizing solution to something that was, in fact, not

a problem at all."  Reconsider Memo at pg. 3.

Agency Decision on Motion to Reconsider

67.     On September 25, 2015 Defendants denied Mr. Ibrahim's Motion to Reconsider and

affirmed its earlier findings (at pg. 6):

    (a) the at-risk capital contribution requirement had not been met because the (i) "initial

---

[1] Aside from the eleven other Hyatt Project petitioner's approved by Defendants, Defendants
approved another Hyatt Project petitioner recently, Mr. Chi-Wei Lin, after he filed a
complaint against Defendants on March 15, 2016 on very similar grounds.  *See Lin v. Dep't of
Homeland Security*, Case No. 1:16-cv-502-ABJ, ECF No. 17 (filed on March 15, 2016,
stipulation of dismissal entered on June 3, 2016) (D.D.C.) (Jackson, J.)

record contained a promissory note not secured by assets owned by the petitioner;" and (ii) the funds were not an "unconditional gift" as the funds were initially obtained as a loan, only in the event of default, would it be converted to a gift; and

(b) the conversion of funds from a promissory note to a dividend was a material change.

68.     Regarding the supported legal arguments previously advanced by Mr. Ibrahim on brief, Defendants summarily wrote that "[c]ounsel's argument is not supported by any pertinent precedent decisions to establish that USCIS' decision was based on an incorrect application of law or Service policy." Reconsider Decision at pg. 6.

### V. EXHAUSTION & INJURY

69.     Defendants have improperly denied Plaintiff's Form I-526 Petition and Form I-290B Motion to Reconsider.

70.     Plaintiff has a final agency decision denying eligibility for classification under INA Section 203(b)(5), and as such, he has exhausted his administrative remedies. *See* Form I-526 Petition and Form I-290B Motion to Reconsider.

71.     Defendants' wrongful denial of Plaintiff's Form I-526 Petition and Form I-290B Motion to Reconsider has caused and will continue to cause personal harm to Plaintiff.

72.     Defendants' wrongful denial of Plaintiff's Form I-526 Petition and Form I-290B Motion to Reconsider has caused and will continue to cause an actual disruption of the economic relationship between the Plaintiff and the Hyatt Project.

### VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

*DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE INA*

73.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

above, inclusive.

74.     In denying Plaintiff's <u>Form I-526 Petition</u> and <u>Form I-290B Motion to Reconsider</u>, Defendants have unlawfully interpreted and applied INA Section 203(b)(5), 8 C.F.R. § 204.6, its four EB-5 precedent decisions, and <u>EB-5 Policy Memo</u>.

75.     As a result, Defendants deprived Plaintiff of his rights under the INA to benefit from the statute's immigrant investor provisions, and thereby violated those rights.

## SECOND CAUSE OF ACTION

*DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE APA*

76.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

77.     Defendants' denial of Plaintiff's <u>Form I-526 Petition</u> and Form I-290B Motion to Reconsider is improper and reviewable under 5 U.S.C. Section 702.

78.     As a result of this improper decision by Defendants, Plaintiff is "suffering a legal wrong of agency action," is "adversely affected or aggrieved by agency action," and therefore "is entitled to judicial review thereof" under 5 U.S.C. Section 702.

79.     Defendants' decision to deny Plaintiff's visa petition is based upon legal interpretations contrary to, and inconsistent with, INA Section 203(b)(5), 8 C.F.R. Section 204.6, the four EB-5 precedent decisions, and its applicable <u>EB-5 Policy Memo</u>.

80.     The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

81.     Defendants' actions, findings, and conclusions are arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law as follows:

a.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), Defendants erroneously conclude that Plaintiff had failed to establish that he was eligible for the benefit sought under INA Section 203(b)(5), 8 C.F.R. Section 204.6, and the four EB-5 precedent decisions "at the time of filing the benefit request and continu[ing] . . . through adjudication." 8 C.F.R. 103.2(b)(1);

b.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), Defendants erroneously determined that applicable legal requirements require Plaintiff to somehow "secure" an all-cash capital contribution into a new commercial enterprise;

c.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), Defendants failed to conclude properly that Plaintiff's $500,000 all-cash capital contribution was, in fact, cash and not a promissory note or other form of indebtedness between Plaintiff and the new commercial enterprise;

d.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), Defendants erroneously rendered a factual finding and legal determination that the intent behind the initial $540,000 conveyance from his wholly-owned business to himself for the purposes of the investment into the new commercial enterprise was relevant for a determination of whether the $500,000 all-cash capital contribution was fully at risk;

e.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), notwithstanding its relevance for the eligibility sought, Defendants incorrectly evaluated the evidence and made a factual finding that misconstrued the intent behind the $540,000 all-cash conveyance from his wholly-owned business to himself;

f.      In violating 5 U.S.C. Sections 706(A) and (C)-(E), Defendants erroneously determined that the information provided by Plaintiff in response to the agency request for more information under 8 C.F.R. Section 103.2(b)(8) constituted a "material change" to the

initial filing that justified ineligibility under INA Section 203(b)(5) and 8 C.F.R. Section 204.6;

g.    In violating 5 U.S.C. Sections 706(A) and (C)-(D), Defendants have created and applied a definition of "material change" in excess of statutory and regulatory authority; and

h.    In sum, Defendants' actions, findings, and conclusions that Plaintiff insufficiently demonstrated (i) whether he has invested or is actively in the process of investing the required amount of capital and (ii) the capital has not been placed at risk is "arbitrary, capricious, and abuse of discretion, [and not] otherwise in accordance with law;. . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; [and] unsupported by substantial evidence" contrary to INA Section 203(b)(5) and 8 C.F.R. Section 204.6. *See* 5 U.S.C. § 706(A) and (C)-(F).

## THIRD CAUSE OF ACTION

### *DECLARATORY JUDGMENT ACT*

82.    Plaintiff repeats and realleges the allegations contained in the proceedings paragraphs above, inclusive.

83.    Plaintiff is entitled to a declaration of his rights, namely, eligibility to classification under INA Section 203(b)(5) and 8 C.F.R. 204.6 as a conditional permanent resident, which shall have the force and effect of a final judgment, in accordance with 28 U.S.C. Section 2201(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for relief as follows:

a.    That the Court hold unlawful and set aside USCIS's findings that Plaintiff failed to establish eligibility under Section 203(b)(5) of the INA in his Form I-526 Petition and Form I-290B Motion to Reconsider as not in accordance with the INA and APA;

b.      That the Court declare that Plaintiff, through his <u>Form I-526 Petition</u> and his

<u>Form I-290B Motion to Reconsider</u> fully established that (i) the required amount of capital

has been invested or is actively in the process of being invested and (ii) the capital has been

placed at risk under INA Section 203(b)(5) and 8 C.F.R. Section 204.6;

c.      That the Court either grant independently or direct Defendants to grant

Plaintiffs' eligibility to alien entrepreneur classification under INA Section 203(b)(5);

d.      That the Court provide further relief as it deems appropriate, just, and

equitable; and

e.      That the Court grant reasonable attorney's fees, expenses and costs of court to

Plaintiff, pursuant to the Equal Access to Justice Act, 5 U.S.C. Section 504, or any other

applicable provision, to include 28 U.S.C. 2412(d).


DATED:   August 24, 2016
         New York, New York

                              Respectfully submitted,



                              <u>//s//  *Jason D. Wright*         </u>
                              Jason D. Wright, Esq.
                              DC Bar #1029983
                              Wright Law Firm
                              40 Fulton Street - 23rd Floor
                              New York, New York 10038
                              Direct:  212-285-8000 x. 6365
                              Mobile:  202-578-0260
                              Fax:  917-677-8577
                              E-mail: jwright@jasonwrightesq.com

                              *Counsel for Plaintiff, Mr. Ibrahim*